**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-000410-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL CRESPIN,

    Defendant.

---

**ORDER RE: RULE 404 (b) EVIDENCE**

---

The matter before me is the **Proffer of Evidence Potentially Subject To Rule 404(b)** [#75][1] filed February 12, 2021.  The defendant filed a response [#79], and the government filed a reply [#82].

Earlier, the government filed its **Notice of Intent To Offer Rule 404(b) Evidence** [#39].  There, the government discusses a broader range of possible Rule 404(b) evidence than is discussed in its more recent proffer [#75].  I consider the more recent proffer [#75] to define the scope of the evidence which the government intends to offer which may be subject to Rule 404(b).

In fashioning my ruling, I have considered all relevant adjudicative facts in the file and record of this case.  I have considered, but not necessarily accepted, the relevant facts presented, reasons stated, arguments advanced, and authorities cited by counsel in their papers.

---

[1]   "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  EVIDENCE AT ISSUE

**Testimony Concerning Use of Law Enforcement Photos of the Defendant** -
The government says it intends to offer testimony from Detective Christopher Pyler of
the Westminster Police Department.  Detective Pyler is expected to testify that he
looked at photos of Mr. Crespin in law enforcement databases.  Those photos were
from Mr. Crespin's prior encounters with law enforcement. The government expects
Detective Pyler to testify that the man in the photos resembled the man seen on
security video of the bank robbery.  After viewing the photos, Detective Pyler
investigated Mr. Crespin as a suspect in the robbery.  The government says it does not
intend to introduce the actual photos from the databases.  The government does not
intend to elicit testimony about the details of Mr. Crespin's prior encounters with law
enforcement, how many encounters there were, when the encounters took place, or
whether they resulted in a criminal conviction.

**Encounter at Jefferson County Jail** - The government intends to offer
testimony from Detective Pyler that on June 16, 2019, he went to the Jefferson County
Jail and observed Mr. Crespin in person.  At the time, Mr. Crespin was in the Jefferson
County jail on unrelated charges. The government anticipates that Detective Pyler
would testify that he saw Mr. Crespin at the jail and Mr. Crespin resembled the man
seen on security video of the robbery.  Mr. Crespin refused to talk to Detective Pyler.
The government says it does not intend to elicit testimony about why Mr. Crespin was in
custody at that time.  Nor does the government intend to elicit testimony regarding the
refusal of Mr. Crespin to speak with Detective Pyler.

**Creation of Photo Lineup** - The government intends to offer testimony from
Detective Pyler that, in putting together a photo lineup in this case, he used law

enforcement databases to obtain photos of Mr. Crespin as well as other photos used in the photo lineup.  The photos of Mr. Crespin were from prior encounters with law enforcement. In the context of the photo lineup, the government does not intend to elicit any testimony about the details of the prior police encounters involving Mr. Crespin.

## II.  INTRINSIC EVIDENCE

The government contends the evidence at issue is intrinsic to the crime charged and the investigation.  Therefore, the government contends, this evidence is not subject to the strictures of Rule 404(b).  Intrinsic evidence is that which is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *U.S. v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011).  An uncharged act is admissible as *res gestae*, intrinsic evidence not subject to Federal Rule of Evidence 404(b), if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act. *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir.1994).  Of course, such evidence may be excluded if its probative value is substantially outweighed by any of the dangers specified in Rule 403.  *Irving*, 665 F.3d at 1213.

The United States Court of Appeals for the Tenth Circuit has held that evidence of a burglary investigation which led to the arrest of a defendant on a firearms charge is intrinsic evidence.  In *U.S. v. Hood*, the police visited an apartment complex while investigating a string of burglaries.  774 F.3d 638, 643 (10th Cir. 2014).  The police suspected someone involved in the burglaries lived in apartment 108.  They knocked on the door, heard noise inside the apartment, but nobody answered the door.  A short

time later, a neighbor reported to officers on the scene that someone was running from apartment 108.  The officers followed that person and encountered Hood, the defendant.  The police found Hood to be in possession of a pistol.  Hood, a convicted felon, was charged with being a felon in possession of a firearm.  ***Hood***, 774 F.3d at 641-642.

At trial, Hood objected to the admission of evidence of the burglary investigation under Rule 404(b).  Hood was not charged with burglary.  The district court held evidence of the burglary investigation was admissible as intrinsic evidence.  The Tenth Circuit affirmed, holding that "the government's use of evidence of wrongful, uncharged acts necessary to contextualize the defendant's arrest" is "intrinsic evidence not subject to Federal Rule of Evidence 404(b)."  ***U.S v. Hood***, 774 F.3d 638, 643 (10th Cir. 2014), overruling on other grounds recognized by ***United States v. Titties***, 852 F.3d 1257 (10th Cir. 2017).

In the present case, the evidence in question helps to explain and contextualize how Detective Pyler initially identified Mr. Crespin as a suspect and explains and contextualizes his gathering of additional evidence of identity.  Thus, this evidence is intrinsic evidence.  However, there is a limit on the scope of intrinsic evidence in these circumstances.  Only the basic facts about the source of the photos, Detective Pyler's observation of Mr. Crespin at the Jefferson County Jail, and his use of law enforcement photos of Mr. Crespin to assemble the photo lineup are intrinsic evidence.  Additional evidence, such as the nature of previous charges against or convictions suffered by Mr. Crespin, is not necessary to provide explanation and context to the investigation of Detective Pyler. The number or nature of Mr. Crespin's prior contacts with law enforcement also is not intrinsic evidence.  Thus, such additional evidence is not

4

intrinsic evidence.  The government says it does not intend to offer such evidence.

Of course, intrinsic evidence must be relevant under Rule 401.  Further, it must satisfy the requirements of Rule 403.  ***Hood***, 774 F.3d at 644.  My Rule 401 and Rule 403 analysis is detailed below.

### III.  404(b) EVIDENCE

Even if the evidence at issue is not properly characterized as intrinsic evidence, the government contends evidence of Detective Pyler's examination of photos of Mr. Crespin from law enforcement databases, Detective Pyler's observation of Mr. Crespin in the Jefferson County Jail, and Detective Pyler's use of law enforcement photos of Mr. Crespin to create a photo lineup all are admissible under Rule 404(b).

As provided by Rule 404(b), evidence of the Detective Pyler's use of law enforcement photos of Mr. Crespin and evidence that Mr. Crespin was in custody at the Jefferson County Jail is not admissible to prove the character of Mr. Crespin "in order to show that on a particular occasion [he] acted in accordance with the character." **FED. R. EVID.** 404(b)(1).  Nevertheless, such evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." **FED. R. EVID.** 404(b)(2).

In 2017, the United States Court of Appeals for the Tenth Circuit issued an opinion analyzing in detail the parameters of admissibility under Rule 404(b).  ***United States v. Henthorn***, 864 F.3d 1241 (10th Cir. 2017).  The court's analysis is guided by a quadripartite test:

> (1) The evidence must be offered for a proper purpose under Rule 404(b);
>
> (2) The evidence must be relevant under Rule 401;

> (3) The probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and
>
> (4) The district court, upon request, must [instruct] the jury pursuant to Rule 105 to consider the evidence only for the purpose for which it was admitted.

*Id.* at 1247-1248 (citing *Huddleston v. United States*, 485 U.S. 681 (1988)).  The district court's discretion to admit 404(b) evidence is exceedingly broad, subject to reversal only if "arbitrary, capricious or whimsical." *Id.* at 1248 (citation and internal quotation marks omitted).  Moreover, "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *Id.* at 1248 (citation and internal quotation marks omitted; emphasis in original).

The first question is whether the evidence is sought to be admitted for a proper purpose.  A proper purpose includes any of the "other purposes" specifically enumerated in Rule 404(b) and – since the list is "illustrative, not exhaustive" – any other like purpose. *Id.* (citations and internal quotation marks omitted).  The government says it offers some of the evidence at issue for the purpose of proving identity, proving that Mr. Crespin is the person shown in the security camera recording of the robbery. Explicitly, identity is a proper purpose under Rule 404(b).

The methods used by Detective Pyler to obtain photos of Mr. Crespin and to personally observe the visage of Mr. Crespin are not directly relevant to the issue of identity.  However, those methods are relevant to provide background and context of the investigation.  One proper purpose for admitting "other acts" evidence, not expressly identified in Rule 404(b), is to show the "context" of a charged crime, as "[a] jury 'cannot be expected to make its decision in a void.' " *U.S. v. Sarracino*, 131 F.3d 943, 949

(10th Cir. 1997) (quoting **United States v. Masters**, 622 F.2d 83, 86 (4th Cir.1980)).

Here, the context of the investigation, including the basic facts showing how Detective

Pyler obtained photos of Mr. Crespin and arranged to see Mr. Crespin in person,

provide context which shows how the investigation was conducted on the issue of

identity of the robber shown in the security camera recording of the robbery.

The second consideration is relevance.  Evidence is relevant if it has a tendency

to make a fact of consequence more or less probable.  **FED. R. EVID.** 401(a) and (b).  A

key consequential fact in this case is whether or not Mr. Crespin is the person shown in

the security camera recording of the robbery.  Prior photos of Mr. Crespin, obtained by

Detective Pyler and compared to the security camera recording of the robbery, is

relevant to a determination identity.  This evidence is relevant to the key question of

whether or not Mr. Crespin is the person shown in the security camera recording of the

robbery.  Detective Pyler's personal observation of Mr. Crespin and his comparison of

the person he observed to the person shown on the security camera recording of the

robbery also is relevant to the same issue, identity.  Detective Pyler's preparation of a

photo lineup, which included a photo of Mr. Crespin, and the reaction of the victim teller

to the photo lineup also is relevant to identity.

On the other hand, details of the methods used by Detective Pyler to obtain

photos of Mr. Crespin, to personally observe the visage of Mr. Crespin, and to create a

photo lineup are less directly relevant to the issue of identity.  However, many of these

details are relevant to show the background and context of the investigation.  This

evidence explains how Detective Pyler identified Mr. Crespin as a suspect and the

investigative steps that followed concerning the issue of identity.  Those investigative

steps inform directly the course and credibility of the investigation.

The third consideration invokes the balancing test of Fed. R. Evid. 403. To rehearse, Rule 403 provides the court "may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." **FED. R. EVID**. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Leonard*, 439 F.3d 648, 652 (10th Cir.), *cert. denied*, 548 U.S. 917 (2006) (citation and internal quotation marks omitted). Nevertheless, "[t]he exclusion of evidence under Rule 403 is an extraordinary remedy and should be used sparingly." *Henthorn*, 864 F.3d at 1256 (citation and internal quotation marks omitted).

Giving the evidence its "maximum reasonable probative force and its minimum reasonable prejudicial value," as I must in assessing the balance between probativity and unfair prejudice, I find that evidence that Detective Pyler compared photos of Mr. Crespin to the person shown in the security camera recording of the robbery will not induce a jury to make an emotional decision entirely divorced (i.e., "wholly apart") from its relevance on the issue of identity. The same is true of evidence that Detective Pyler observed the visage of Mr. Crespin and evidence that Detective Pyler prepared a photo lineup and showed it to the victim bank teller.

The potential for unfair prejudice arises when testimony and other evidence shows the circumstances surrounding these efforts by Detective Pyler. The fact that the photos of Mr. Crespin came from law enforcement databases indicates that Mr. Crespin had prior contacts with law enforcement. If Detective Pyler testifies that he

observed Mr. Crespin in person when Mr. Crespin was incarcerated in the Jefferson County Jail, then Mr. Crespin's involvement with law enforcement will be indicated. While there is some potential for prejudice here, I find that evidence that Detective Pyler obtained photos of Mr. Crespin from law enforcement databases and observed Mr. Crespin while he was incarcerated in the Jefferson County Jail will not necessarily induce a jury to make an emotional decision entirely divorced (i.e., "wholly apart") from its relevance on the issue of identity. *United States v. Leonard*, 439 F.3d at 652. This evidence need not indicate the nature of any charge against or conviction of Mr. Crespin. This evidence need not indicate the frequency of Mr. Crespin's contacts with law enforcement. As a result, the potential for unfair prejudice is minimal.

Considering the first three factors outlined in *Henthorn*, I find that a basic and general description of Detective Pyler's examination of photos of Mr. Crespin from law enforcement databases, Detective Pyler's observation of Mr. Crespin in the Jefferson County Jail, and Detective Pyler's use of law enforcement photos of Mr. Crespin to create a photo lineup all are admissible under Rule 404(b).

However, only the basic facts about the source of the photos, Detective Pyler's observation of Mr. Crespin at the Jefferson County Jail, and his use of law enforcement photos of Mr. Crespin to assemble the photo lineup do not violate the requirements of Rule 403. Additional evidence, such as the nature of previous charges against Mr. Crespin or the nature of convictions suffered by Mr. Crespin, likely falls outside the ambit of Rule 403. A determination of precisely which items of evidence may be barred by Rule 403 cannot be made properly until the evidentiary landscape becomes clear at trial.

The fourth factor outlined in *Henthorn* is a proper limiting instruction. If the court

admits evidence at trial under Rule 404(b), then Mr. Crespin may request a limiting instruction.  If such an instruction is requested by Mr. Crespin, at a minimum, the instruction must caution "the jury that any Rule 404(b) evidence should be considered only for the purposes for which it was admitted and not as evidence of the defendant's character or propensity to commit an offense."  *Henthorn*, 864 F.3d at 1257 (citation and internal quotation marks omitted).   Of course, Mr. Crespin may request a more specific instruction.

## IV.  CITIZEN TIP

The government anticipates that Detective Christopher Pyler may testify that he received information from Irma Mendez indicating that Mr. Crespin robbed the bank.  Detective Pyler used the information provided by Ms. Mendez to look up photos of Mr. Crespin in law enforcement databases to determine whether her information was credible and whether further investigation into Mr. Crespin was warranted. *Reply* [#82], p. 2.  In an earlier reply [#53], the government says it recognizes that the tip carries the potential for unfair prejudice.  *Reply* [#53], pp. 6-7.  Thus, the government says it does not intend to offer testimony about the tip unless certain circumstances arise.  If the government offers testimony about the tip, it says it would not offer the tip for the truth of the matter asserted in the tip.  *Id*., p. 7.  Rather, the government says it would offer testimony about the tip to explain the course of the investigation.  The government contends that would eliminate any Confrontation Clause issue. ***Crawford v. Washington***, 515 U.S. 36, (2004) ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").  A determination of whether or not testimony about the citizen tip is admissible cannot be made properly until the evidentiary landscape becomes clear at trial.

## V.  OTHER EVIDENTIARY ISSUES

In their filings concerning the Rule 404(b) proffer of the government, the parties discuss additional issues not detailed here.  I find that those additional issues cannot be resolved properly based on the current record.  Rather those issues, if they arise at all, must be resolved when the evidentiary landscape becomes clear at trial.

## VI.  CONCLUSION & ORDERS

The basic facts about the source of the photos of Mr. Crespin, Detective Pyler's observation of Mr. Crespin at the Jefferson County Jail, and his use of law enforcement photos of Mr. Crespin to assemble the photo lineup are admissible intrinsic evidence. Additional evidence, such as the nature of previous charges against or convictions suffered by Mr. Crespin, is not necessary to provide explanation and context to the investigation of Detective Pyler.  The number or nature of Mr. Crespin's prior contacts with law enforcement is not necessary to provide explanation and context to the investigation of Detective Pyler.  Thus, on the current record, such additional evidence is not intrinsic evidence.  If any such additional evidence is offered at trial, the admissibility of that evidence must be determined when the evidentiary landscape becomes clear at trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That based on the representations made by the parties in the government's **Notice of Intent To Offer Rule 404(b) Evidence** [#39], the defendant's response [#52], the government's reply [#53], the government's **Proffer of Evidence Potentially Subject To Rule 404(b)** [#75], the defendant's response [#79], and the government's reply [#82], I hold that the basic facts about the source of the photos of Mr. Crespin, Detective Pyler's observation of Mr. Crespin at the Jefferson County Jail, and Detective

Pylers use of law enforcement photos of Mr. Crespin to assemble the photo lineup are admissible intrinsic evidence;

2.  That alternatively, the evidence sought to be introduced by the government is admissible under Rule 404(b) to show identity; and

3.  That if additional, related evidence is offered at trial, the admissibility of that evidence must be determined when the evidentiary landscape becomes clear at trial.

Dated March 25, 2021, at Denver, Colorado.

**BY THE COURT:**

United States District Judge